CONNORS v. OLSEN et al.

(Second Division. Nome. May 7, 1914.)

No. 2520.

1. PARTNERSHIP ☞264, 325(2)—DISSOLUTION—RECEIVERS.

Where a partner sells his interest in the business to a third person, although such sale in effect works a dissolution of the firm, the remaining partner is not entitled to the exclusive use and possession of the property; and if he excludes the purchaser there, denying not only his rights but the rights of the partner from whom he purchased, and sets up an adverse title to the property, sufficient cause is shown for appointing a receiver.

2. PARTNERSHIP ☞325(1)—RECEIVERS—EVIDENCE.

On motion to vacate an order appointing a receiver for alleged partnership property, all the material allegations of the bill were denied by the answer. The affidavits filed with the motion to vacate showed by a preponderance of the evidence that the plaintiff no longer has any interest in the property. The burden of showing the existence of a partnership at the time of application for a receiver rests upon the plaintiff, and, where the

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

existence of the partnership is directly in dispute and is denied by the defendant, the court will not appoint a receiver in limine, unless the court is satisfied the funds are in danger of loss.

This is a motion to vacate the order in this case appointing a receiver for a protection of certain property involved therein, and it is based on several specified grounds which for the purposes of the court's decision may be reduced to three, to which I will address myself.

G. B. Grigsby, of Nome, and G. D. Schofield, of Seattle, Wash., for plaintiff.

O. D. Cochran, of Nome, for defendants.

TUCKER, District Judge.   It is contended first by counsel for defendants that the order was improvidently allowed, or that the defendants should have had notice of the motion for the appointment of a receiver, or that a rule to show cause why a receiver should not be appointed should have issued. I do not think this position tenable; the bill and affidavits filed therewith showed urgency for immediate action by the court; the case on the original application for a receiver did not show that there was a dispute concerning the title to real estate as is probably contemplated by section 1585 of the Code, but the alleged existence of a partnership and a dispute over the respective rights of the assignee of two of the partners and a third partner, and the management of the partnership property concerning which the third partner, who is in possession of the property, denied that the assignee had any right or interest therein on the ground that his assignors had no right or interest therein at the time of the assignment or sale.   In High on Receivers, § 526, p. 349, it is said:

"Where a partner sells his interest in the business to a third person, although such sale in effect works a dissolution of the firm, the remaining partner is not entitled to the exclusive use and possession of the property, and if he excludes the purchaser therein, denying not only his rights but the rights of the partner from whom he purchased, and sets up an adverse title to the property, sufficient cause is shown for appointing a receiver."

While the author does not say that notice was or was not given in the case cited in support of his statement of the law, the reading of the previous portion of the text generally with respect to appointing receivers in partnership cases does, I

think, fully justify this court in having appointed a receiver in the first instance upon the allegations of the bill and the affidavits filed therewith.

While, therefore, I think the order appointing the receiver was in accordance with the law in the first instance, the case presents a very different aspect on the motion to vacate the order on the ground that the very existence of the partnership is disputed and all interest in same is denied to the plaintiff by the defendants. In High on Receivers it is stated that the burden of showing the existence of a partnership at the time of application for a receiver rests upon the plaintiff, and that where the existence of a partnership is directly in dispute and is denied by defendant, in an action for an account, the court will not appoint a receiver in limine, etc. In 30 Cyc. 727:

"Accordingly, a receiver will not be appointed when the existence of the partnership alleged in the bill or petition is denied, unless the court is satisfied that there is a partnership or the funds are in danger."

Governed by those principles especially applicable to partnership matters, and by the general rule that while the appointment of a receiver is in the discretion of the court but that that discretion must be exercised with great caution, I am of the opinion that upon the evidence before me the motion to vacate should be allowed. All the material allegations of the bill are denied by the answer, and the affidavits filed with the bill are merely affirmatory of its allegations. On the other hand, the affidavits filed along with the motion to vacate show by a preponderance of evidence at least that the lease in question expired in July, 1913, some time prior to the assignment or sale of the alleged two-thirds interest in the partnership to the assignee. The affiants in the affidavits filed on behalf of the defendants are composed of men apparently familiar with the property concerning which the lost lease was drafted, and with the persons and circumstances more or less directly connected with said lease and the alleged partnership. The affidavits are by both interested and disinterested parties. They all go powerfully to a denial of the contention of the plaintiff and all the material allegations of the bill. They state positively and circumstantially that the assignors in the lease had no interest in the property in question, and some of them recite conversations had with said assignors

5 A.R.—8

tending at least to show that the assignors themselves had abandoned all claim to the property or interest therein, if they ever had any. It is also shown in these affidavits that the conduct of the assignors was such as to lead any reasonable man to believe that they did not consider themselves interested in or as having any rights to the property for a long time prior to the assignment to the plaintiff in the case.

Upon the question as to whether the property is in danger of such loss, diminution in value, etc., as to seriously affect the plaintiff's rights upon a final trial and determination of the rights of the parties, I am satisfied from the affidavits that no such danger exists.

For these reasons I am of opinion that the motion to vacate the order appointing the receiver should be allowed, and it is so ordered.